## TRUMAN NATIONAL BANK v. G. H. LOVELL AND ANOTHER.[1]

January 22, 1926.

No. 24,942.

**Judgment of restitution sustained in action in unlawful detainer.**
  1. The evidence justifies the finding of the district court. The agreement does not purport to effect a dismissal of the foreclosure procedure. The foreclosure appears to have been regularly had and the sale fairly conducted.

**Sale on foreclosure not prejudicial to defendants.**
  2. It does not appear from the record that defendants were prejudiced in their legal rights by the sale. There is no merit in the contention that the evidence is insufficient to show title in plaintiff.

Mortgages, 27 Cyc. pp. 1634 n. 97 New; 1742 n. 91; 1743 n. 1.

Action in unlawful detainer begun in justice court and certified to the district court for Martin county where the trial was before Dean, J., who ordered judgment of restitution in favor of plaintiff. Defendants appealed from the judgment. Affirmed.

*H. A. Johnson* and *C. A. Johnson,* for appellants.

*Frank E. Dougherty,* for respondent.

QUINN, J.

Action in unlawful detainer, after foreclosure of a mortgage, under the provisions of section 9149, G. S. 1923. The action was commenced in justice court and certified to the district court for trial where the plaintiff recovered a judgment of restitution, from which judgment this appeal was taken.

The plaintiff held a mortgage of $2,000 upon the 80 of land in question, which was subject to a first mortgage of $3,500, and a second mortgage of $2,000, all executed by the appellants upon said premises which they then occupied. Appellants were in default

[1]Reported in 206 N. W. 944.

upon plaintiff's mortgage and there were taxes due and unpaid on the land, as well as accrued interest upon each of the three mortgages.

Proceedings to foreclose plaintiff's mortgage had been commenced and the foreclosure sale set for January 13, 1923. On January 2, 1923, plaintiff's attorney, De Forest Ward, entered into an agreement with defendants for the purpose of devising a scheme to finance defendants' indebtedness, above referred to, by renewing and extending such indebtedness so as to afford defendants a further opportunity to work out from under the same. In such agreement appears, among other provisions, a clause to the effect that, in consideration of the plaintiff dismissing and discontinuing the mortgage foreclosure proceedings, and in consideration of its agreeing to take back a new third mortgage upon the premises for an amount not exceeding $8,400, being the indebtedness represented by the three mortgages, the defendants agree to and with the plaintiff, etc.

It is urged, on behalf of the appellants, that the foregoing provision in said agreement amounted to a dismissal of the foreclosure proceedings and that the plaintiff had no authority to allow the same to go to sale and therefore the sale, based thereon, was void and of no effect, and that therefore the plaintiff acquired no title or right of possession to said premises under such foreclosure sale. The trial court found as a matter of fact that the defendants failed to keep and perform their part of said agreement and that the same in no manner affected the right of the plaintiff to prosecute the foreclosure proceeding to a sale.

The evidence fully justifies the findings and judgment of the district court. The agreement does not purport to effect a dismissal of the foreclosure of the mortgage. The foreclosure appears to have been regular and the sale fairly conducted. It is clear from the record that the defendants were not prejudiced by the sale, as the plaintiff exhibited a willingness to carry out the provisions of the agreement of January 2 at any time during the period of redemption and since. There is no merit in the contention that the evidence is insufficient to show title in plaintiff.

Affirmed.